**Hassan ALSLAMH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 04–70096.**

**Agency No. A79–393–675.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Lisa D. Pickering, Koronberg, Abramowitz & Feldun, A Law Corp., Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Hassan Alslamh, a native and citizen of Syria, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision and also gave reasons of its own, we review both decisions. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and deny the petition for review.

The record does not compel the conclusion that Alslamh was threatened because of his Christian faith rather than because he unintentionally sold a defective auto part. Accordingly, substantial evidence supports the agency's determination that Alslamh did not establish past persecution or a well-founded fear of persecution on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486 (9th Cir. 1997).

Because Alslamh failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Alslamh also failed to establish eligibility for CAT relief because he did not show that it was more likely than not that he would be tortured if returned to Syria. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

PETITION FOR REVIEW DENIED.